1  Mia Farber (SBN 131467)
   Adam Y. Siegel (SBN 238568)
2  Nancy Villarreal (SBN 273604)
   JACKSON LEWIS LLP
3  725 South Figueroa Street, Suite 2500
   Los Angeles, California 90017-5408
4  Telephone: (213) 689-0404
   Facsimile: (213) 689-0430
5  FarberM@jacksonlewis.com
   SiegelA@jacksonlewis.com
6  Nancy.Villarreal@jacksonlewis.com

7  Attorneys for Defendant
   TOYS 'R' US-DELAWARE, INC.
8

                    FILED
         CLERK, U.S. DISTRICT COURT

              FEB 21 2013

         CENTRAL DISTRICT OF CALIFORNIA
         BY                      DEPUTY

9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11

12  ZIA HICKS, individually, and on behalf       CASE NO.: CV 13-1302- DSF (JCGx)
    of other members of the general public
13  similarly situated,                          NOTICE OF REMOVAL OF ACTION
                                                 TO THE UNITED STATES DISTRICT
14       Plaintiff,                              COURT FOR THE CENTRAL
                                                 DISTRICT OF CALIFORNIA
15       vs.                                     PURSUANT TO 28 U.S.C. §§ 1332,
                                                 1441(a) AND (b) (DIVERSITY)
16  TOYS 'R' US, INC. a California
    corporation; TOYS 'R' US-                    (Filed concurrently with Notice of
17  DELAWARE, INC., a Delaware                   Interested Parties; Notice of Filing of
    corporation; and DOES 1 through 10,          Answer in State Court; Notice to Adverse
18  inclusive,                                   Parties; Declarations of Mia Farber,
                                                 Richard Cudrin and Lee Bowman; and
19       Defendants.                             Civil Case Cover Sheet)

20

21

22       **TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT**

23  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

24       PLEASE TAKE NOTICE that Defendant TOYS 'R' US-DELAWARE, INC.

25  (erroneously sued herein as TOYS 'R' US-DELAWARE, INC. and TOYS 'R' US,

26  INC.[1]) ("Defendant") ("Defendant" or "Toys 'R' Us") hereby invokes this Court's

27  ――――――――――――――――――
    [1]    TOYS 'R' US, INC., a California Corporation does not currently exist nor has ever existed
28  during the relevant time period for this action. (See Declaration of Richard Cudrin ("Cudrin Decl.")
    ¶ 3.)

jurisdiction pursuant to 28 U.S.C. sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub. L. 109-2, section 4(a) ("CAFA")), 1441(a) and (b) and 1446, and removes the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Los Angeles otherwise referred to as ("State Superior Court").

1.     On January 23, 2013, Plaintiff ZIA HICKS ("Plaintiff") filed a civil complaint against Defendant in the Superior Court of the State of California in and for the County of Los Angeles captioned <u>Zia Hicks v. Toys 'R' US, Inc., et al.</u>, Case No.: BC499602 ("Hicks Action"), which sets forth the following eight (8) causes of action: (1) Violation of California Labor Code ("CLC") §§ 510 and 1198 (Unpaid Overtime); (2) Violation of CLC §§ 1194, 1197 and 1197.1 (Unpaid Minimum Wages); (3) Violation of CLC §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (4) Violation of CLC § 226.7 (Unpaid Rest Period Premiums); (5) Violation of CLC § 204 (Wages Not Timely Paid During Employment); (6) Violation of CLC §§ 201 and 202 (Wages Not Timely Paid Upon Termination); (7) Violation of CLC § 226(a) (Non-Compliant Wage Statements); and (8) Violation of California Business & Professions Code §§ 17200, <u>et seq</u>. ("Complaint").

2.     Defendant first received Plaintiff's Summons and Complaint and related court documents on January 24, 2013.  A copy of the Summons, Complaint and other related court documents received by Defendant is attached as **Exhibit "A."**

3.     On February 19, 2013, Defendant filed and served its Answer in the Los Angeles County Superior Court.  A true and correct copy of Defendant's Answer is attached as **Exhibit "B."**

## TIMELINESS OF REMOVAL

4.     This Notice of Removal has been filed within thirty (30) days after Defendant was deemed served a copy of Plaintiff's Summons and Complaint upon which this action is based.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

5.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on Plaintiff's counsel and filed with the Clerk of the Los Angeles Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

6.     Pursuant to Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d)(2) has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

7.     In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

8.     As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332(d), in that it is a civil action filed as a class action involving more than 100 members, and based on the allegations set forth in the Complaint by Plaintiff, the matter in controversy exceeds the sum of $5,000,000 (*see infra*), exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendant.   Furthermore, the Defendant is not a State, State official, or other governmental entity.

## DIVERSITY JURISDICTION

## REMOVAL BASED ON DIVERSITY AND CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. sections 1332(a) and (d))

9.     CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from **any** defendant, when at least one member of a class of plaintiffs is a citizen of a foreign state and one defendant is a U.S. citizen, or

1    when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a
2    citizen of a foreign state.  28 U.S.C. § 1332(d)(2).

3         10.    Citizenship of the parties in this Action is determined by their citizenship
4    status at the Action's commencement.  See Mann v. City of Tucson (9th Cir. 1986) 782
5    F.2d 790.

6         11.    Plaintiff, at the time of filing of the Complaint, alleges she was a resident of
7    the State of California.  (See **Exhibit** "**A**," Complaint at ¶ 5.)  Further, Defendant is
8    informed and believes Plaintiff is a resident and citizen of the State of California.
9    (Declaration of Lee Bowman ("Bowman Decl."), ¶ 3.)

10        12.    A corporation is a citizen of any state where it is incorporated and of the
11   state where it has its principal place of business.  28 U.S.C. § 1332(c).

12        13.    Defendant, both at the time this action was commenced and the time it was
13   removed to federal court, is a citizen of the State of Delaware and the State of New Jersey
14   within the meaning of Section 1332(c)(1), because it was at all times a corporation
15   formed under the laws of the State of Delaware, with its principal place of business and
16   corporate headquarters located at 1 Geoffrey Way, Wayne, New Jersey 07470.  The state
17   of New Jersey is where all of Toys 'R' Us' primary executive, administrative, financial
18   and management functions are conducted and where the high level officers direct,
19   control, and coordinate the corporation's activities.   The Hertz Corporation v. Friend
20   (2010) 130 S.Ct. 1181, 1192.  (Cudrin Decl. ¶ 4).

21        14.    Of Defendant Toys 'R' Us' 73 corporate officers, 69 are employed in New
22   Jersey and two are employed in California.   As such, all but four of Defendant's
23   corporate officers work within the state of New Jersey and only two work in the state of
24   California. (Cudrin Decl. ¶ 5).  Moreover, Defendant Toys 'R' Us' Board of Directors
25   typically meets at Toys 'R' Us' headquarters located at 1 Geoffrey Way, Wayne, New
26   Jersey 07470. The Hertz Corporation, 130 S.Ct. at 1192.  (Cudrin Decl. ¶ 5).

27        15.    Applying the "nerve center" test, New Jersey is thus the state where Toys
28   'R' Us' primary executive, administrative, financial and management functions are

conducted and where the high level officers direct, control, and coordinate the corporation's activities —i.e., the principle place of business of Defendant Toys 'R' Us.

16.    "TOYS 'R' US, Inc., a California corporation," does not currently exist nor has ever existed during the relevant time period for this action.  (Cudrin Decl. ¶ 3).

17.    The presence of Doe defendants has no bearing on the diversity with respect to removal.  See 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.")

## AMOUNT IN CONTROVERSY

18.    CAFA, 28 U.S.C. Section 1332(d) authorizes the removal of class action cases in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000.

19.    Despite Plaintiff's attempt to circumvent removal by unilaterally alleging the recovery of the putative class is less than five million dollars but at the same time reserving the right to seek a larger amount in this action (Complaint at 1:13-:14), Defendant can nevertheless remove the case to Federal Court by demonstrating to a legal certainty that the amount in controversy exceeds $5,000,000.  See, e.g., Lowdermilk v. U.S. Bank Nat'l Ass'n (9th Cir. 2007) 479 F.3d 994, 998-1000 (holding that if the complaint alleges damages for less than the jurisdictional amount, the party seeking removal must prove with legal certainty that CAFA's jurisdictional amount is met).[2]

---

[2]    The issue of whether a plaintiff can circumvent removal under CAFA by limiting damages for the putative class to $5,000,000 or less is currently pending before the United States Supreme Court in The Standard Fire Insurance Co. v. Knowles, (W.D. Ark. Dec. 2, 2011), 2011 U.S. Dist. LEXIS 139077, cert. granted, 133 S. Ct. 90 (U.S. Aug. 31, 2012) (No. 11-1450).

Moreover, a plaintiff cannot diminish the rights of absent class members she does not yet, and may never, represent.  Smith v. Bayer Corp. (2011) 131 S. Ct. 2368, 2379, 2381 n.11.  See also Phillips Petroleum Co. v. Shutts (1985) 472 U.S. 797, 812 (absent class members cannot be bound by a named plaintiff's actions until, at a minimum, they have received notice and an opportunity to participate in the litigation and the named plaintiff is deemed an adequate representative of the class).  Accordingly, Plaintiff should not be permitted to limit the amount in controversy on behalf of absent putative class members.

On February 20, 2013, a subsequent putative class action was filed in the United States District Court, Eastern District of California, entitled Nakia Smith and Cinda Wheeler, individually, and on behalf of all others similarly situated, Plaintiffs v. Toys 'R' Us-Delaware, Inc., a Delaware Corporation, and DOES 1 through 100, inclusive, Defendants, Case No. 1:13-CV-00254-AWI-JLT ("Smith

20.     In determining whether the amount in controversy exceeds $5,000,000, the Court must presume the plaintiff will prevail on each and every one of her claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter (C.D. Cal. 2002) 199 F.Supp.2d 993, 1001, citing, Burns v. Windsor Ins. Co. (11th Cir. 1994) 31 F.3d 1092, 1096 (the amount in controversy analysis presumes that "plaintiff prevails on liability"); and Angus v. Shiley Inc. (3d Cir. 1993) 989 F.2d 142, 146 ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated.")   The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc. (9th Cir. 2002) 281 F.3d 837, 843, n.1.

21.     Here, although Plaintiff specifically alleges in her Complaint that the *aggregate sum* of damages for her and her defined putative class, including damages for wages, penalties and attorneys' fees, is less than five million dollars ($5,000,000), without admitting that Plaintiff could recover any damages or penalties, Defendant, in fact, can state to a legal certainty that the amount in controversy in this action exceeds $5,000,000, exclusive of attorney's fees, interest, and costs.   (See **Exhibit "A,"** Complaint at 1:7-:13, 18:16-19.)

22.     Specifically, Plaintiff pleads in her Complaint that she and the putative class are entitled to penalties[3] pursuant to Labor Code Section 203[4], and seeks penalties of up

---

Action"), alleging certain non-exempt employees, specifically key holders, were deprived of meal breaks, wages due at separation of employment and accurate itemized wage statements. Specifically, plaintiffs Smith and Wheeler allege the following five (5) causes of action: (1) Failure to provide meal breaks (Cal. Labor Code §§ 226.7(a), 512, IWC Wage Order No. 4); (2) Failure to pay wages due at separation of employment (Cal. Labor Code §§ 201-203); (3) Failure to issue accurate itemized wage statements (Cal. Labor Code §§ 226, 226.3); (4) Unfair business practices (Cal. Bus. & Prof. Code § 17200); and (5) Penalties pursuant to the Labor Code Private Attorneys General Act of 2004 (Cal. Labor Code §§ 2699, et seq.) Accordingly, the claims in the Smith Action are subsumed in the allegations set forth in the Hicks Action. Further, in their complaint, plaintiffs Smith and Wheeler specifically allege the amount in controversy exceeds $5,000,000.

[3]     Brady v. Mercedes-Benz USA, Inc. (N.D. Cal. 2002) 243 F.Supp.2d 1004, 1009 (penalties under California's Song-Beverly Consumer Warranty Act may be counted in determining the amount in controversy); Clark v. Nat'l Travelers Life Ins. Co. (6th Cir. 1975) 518 F.2d 1167, 1168 ("It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met.")

---

to 30 days' wages for Defendant's purported failure to pay all unpaid wages at termination. (*See* **Exhibit "A"**, Complaint at 15:5-:7.)

23. Although the Complaint does not specify the dollar amount of penalties being sought, as set forth below, the evidence shows to a legal certainty that the penalties Plaintiff seeks under Labor Code § 203 claim alone are at least $11,361,971.58, thus satisfying the jurisdictional amount in controversy under CAFA.

24. Based on the allegations set forth in Plaintiff's Complaint, there are 21,677 former, hourly Sales Team Members who were terminated between January 23, 2010[5] and February 6, 2013. (Bowman Decl., ¶ 4.) The average hourly rate for these terminated Sales Team Members is $8.79. (Bowman Decl., ¶ 4.)

25. Of these Sales Team Members, 21,272 were terminated in excess of thirty days from the date of preparing this Notice of Removal, or February 14, 2013 (*i.e.* these Sales Team Members were terminated on or before January 15, 2013). (Bowman Decl., ¶ 4.) Defendant's policy is to pay California employees for at least one half of the scheduled day's work if employee reports to work but is furnished with less than half of the employee's scheduled work. For California employees, the minimum payment is for two hours of work per day. (See Bowman Decl., ¶ 5.)

26. Based on the average hourly rate of $8.79 per hour and a minimum two-hour work day, and based on Plaintiff's allegations, the penalties for a claim under Labor Code section 203 for these 21,272 employees equals $11,218,852.80 (or 21,272 x $8.79/hr x 2 hours x 30 days).

27. Moreover, there are an additional 405 Sales Team Members who were terminated between January 16, 2013 and February 6, 2013. (See Bowman Decl., ¶ 4.) While these employees have varying amounts of days for which they would be eligible

---

[4] Defendant denies the validity and merit of all of Plaintiff's claims, including the amount claimed, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them, and uses Plaintiff's alleged theories of recovery of penalties to demonstrate to a legal certainty the amount in controversy exceeds $5,000,000.

[5] Labor Code § 203 brings with it a three-year statute of limitations.

1   for Labor Code section 203 penalties, the aggregate total of these penalties is an
2   additional $143,118.78.

3       28.    Thus, based on this data, should Plaintiff prevail on her claim that putative
4   class members were not timely paid all wages due at separation, the waiting time
5   penalties Plaintiff seeks in connection with her Labor Code § 203 claim alone are
6   $11,361,971.58, more than sufficient to satisfy the jurisdictional amount.

7       29.    Additionally, Plaintiff's Complaint seeks an unspecific amount of attorneys'
8   fees in connection with her Complaint, including violation of Labor Code Section 203.
9   (See **Exhibit "A"**, Complaint, Prayer at p. 9:11-15.)  In determining whether a complaint
10  meets the amount in controversy threshold for a removal under 28 U.S.C. §1332(a), a
11  court may consider the aggregate value of claims for compensatory damages and
12  attorney's fees.  See e.g., Goldberg v. CPC Int'l, Inc. (9th Cir. 1982) 678 F.2d 1365,
13  1367, cert. denied, 459 U.S. 945 (1982) (attorney's fees may be taken into account to
14  determine jurisdictional amount).  The amount in controversy may include attorney's fees
15  which are recoverable by statute.  Galt G/S v. JSS Scandinavia (9th Cir. 1998) 142 F.3d
16  1150, 1155-1156.  The Court may examine the nature of the action and the relief sought
17  and take judicial notice of attorney's fee awards in similar cases.  See e.g., Simmons v.
18  PCR Technology (N.D. Cal. 2002) 209 F.Supp.2d 1029, 1035 (noting that attorneys' fees
19  in individual employment discrimination cases often exceed damages).

20      30.    Furthermore, such fees are calculable beyond the time of removal.  Id. at
21  1035.  For purposes of this analysis only, the amount of attorneys' fees at issue in this
22  matter could amount to 10% of the penalties set forth above.  Therefore, the aggregate
23  claimed penalties by Plaintiff including attorneys' fees exceed the jurisdictional amount
24  in controversy.

### NUMEROSITY

26      31.    CAFA also provides that the district courts shall not have jurisdiction over
27  actions where "the number of members of all proposed plaintiff classes in the aggregate
28  is less than 100." 28 U.S.C. § 1332(d)(5).

32.    Here, the putative class Plaintiff seeks to represent exceeds 100 members. (See Bowman Decl., at ¶ 4; see **Exhibit "A"**, Complaint at 4:20-:24.)  As such, this Court properly has jurisdiction over this matter, as the class proposed by Plaintiff contains in excess of 100 members.

## VENUE IS PROPER

33.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because the state action was filed in this district and Defendant is subject to personal jurisdiction in the Central District of California.

WHEREFORE, Defendant removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court.

Dated:  February 21, 2013                    JACKSON LEWIS LLP


By: _Mia Farber_____
Mia Farber
Adam Y. Siegel
Nancy Villarreal

Attorneys for Defendant
TOYS 'R' US-DELAWARE, INC.

Exhibit A

Raul Perez (SBN 174687)
Raul.Perez@capstonelawyers.com
Nathan Lowery (SBN 238141)
Nathan.Lowery@capstonelawyers.com
Shooka Moallem (SBN 259106)
Shooka.Moallem@capstonelawyers.com
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone:    (310) 556-4811
Facsimile:    (310) 943-0396

Attorneys for Plaintiff Zia Hicks

**FILED**
Los Angeles Superior Court

**JAN 23 2013**

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAUNYA WESLEY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

**BY FAX**

ZIA HICKS, individually, and on behalf of other members of the general public similarly situated,

                        Plaintiff

            vs.

TOYS 'R' US, INC., a California corporation; TOYS 'R' US-DELAWARE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,

                        Defendants.

Case No.:    **BC 499 602**

**CLASS ACTION COMPLAINT**

(1)    Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);
(2)    Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);
(3)    Violation of California Labor Code §§ 226.7 & 512(a) (Unpaid Meal Period Premiums);
(4)    Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);
(5)    Violation of California Labor Code § 204 (Wages Not Timely Paid During Employment);
(6)    Violation of California Labor Code §§ 201 and 202 (Wages Not Timely Paid Upon Termination);
(7)    Violation of California Labor Code §226(a) (Non-Compliant Wage Statements); and
(8)    Violation of California Business & Professions Code §§ 17200, *et seq.*

**Jury Trial Demanded**

CLASS ACTION COMPLAINT

1    Plaintiff, individually and on behalf of all other members of the public similarly

2    situated, alleges as follows:

3                              **JURISDICTION AND VENUE**

4         1.    This class action is brought pursuant to California Code of Civil Procedure

5    section 382.  The monetary damages and restitution sought by Plaintiff exceeds the minimal

6    jurisdiction limits of the Superior Court and will be established according to proof at trial.

7    Based upon information, investigation and analysis as of the filing date of this complaint,

8    Plaintiff alleges that the amount in controversy for each class representative, including claims

9    for monetary damages, restitution, penalties, injunctive relief, and a pro rata share of

10   attorneys' fees, is less than seventy-five thousand dollars ($75,000) and that the aggregate

11   amount in controversy for the proposed class action, including monetary damages, restitution,

12   penalties, injunctive relief, and attorneys' fees, is less than five million dollars ($5,000,000),

13   exclusive of interest and costs.  Plaintiff reserves the right to seek a larger amount based upon

14   new and different information resulting from investigation and discovery.

15        2.    This Court has jurisdiction over this action pursuant to the California

16   Constitution, Article VI, section 10.  The statutes under which this action is brought do not

17   specify any other basis for jurisdiction.

18        3.    This Court has jurisdiction over all Defendants because, upon information and

19   belief, Defendants are either citizens of California, have sufficient minimum contacts in

20   California, or otherwise intentionally avail themselves of the California market so as to render

21   the exercise of jurisdiction over them by the California courts consistent with traditional

22   notions of fair play and substantial justice.

23        4.    Venue is proper in this Court because, upon information and belief, Defendants

24   reside, transact business, or have offices in this county and the acts and omissions alleged

25   herein took place in this county.

26                                **THE PARTIES**

27        5.    Plaintiff ZIA HICKS is a resident of Inglewood, California in Los Angeles

28   County.

CLASS ACTION COMPLAINT

6. Defendant TOYS 'R' US, INC. was and is, upon information and belief, a California corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

7. Defendant TOYS 'R' US-DELAWARE, INC. was and is, upon information and belief, a Delaware corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

8. Plaintiff is unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the complaint and serve such fictitiously named Defendants once their names and capacities become known.

9. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are the partners, agents, owners, shareholders, managers or employees of TOYS 'R' US, INC., and/or TOYS 'R' US-DELAWARE, INC., at all relevant times.

10. Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, TOYS 'R' US, INC., TOYS 'R' US-DELAWARE, INC., and/or DOES 1 through 10 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

11. At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

12. Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

**CLASS ACTION ALLEGATIONS**

13.    Plaintiff brings this action on her own behalf, as well as on behalf of each and all other persons similarly situated, and thus, seeks class certification under California Code of Civil Procedure section 382.

14.    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

15.    Plaintiff's proposed class consists of and is defined as follows:

> All persons who worked as a Sales Team Member, including the position of cashier, for Defendants in California within four years prior to the filing of this complaint until the date of certification ("Class").

16.    Plaintiff reserves the right to redefine the class and subclass and to add additional subclasses as appropriate based on discovery and specific theories of liability.

17.    Members of the Class will be referred to hereinafter as "class members."

18.    There are common questions of law and fact as to class members that predominate over questions affecting only individual members, including, but not limited to:

(a)    Whether Defendants required Plaintiff and class members to work off-the-clock without payment;

(b)    Whether Defendants required Plaintiff and class members to work over eight (8) hours per day, over twelve (12) hours per day, and/or over forty (40) hours per week and failed to pay legally required overtime compensation to Plaintiff and class members;

(c)    Whether Defendants failed to pay at least minimum wages for all hours worked by Plaintiff and class members;

(d)    Whether Defendants deprived Plaintiff and class members of meal periods or required Plaintiff and class members to work during meal periods without compensation;

(e)    Whether Defendants deprived Plaintiff and class members of rest periods or required Plaintiff and class members to work during rest

CLASS ACTION COMPLAINT

1    periods without compensation;

2         (f)    Whether Defendants complied with wage reporting as required by

3                California Labor Code section 226(a);

4         (g)    Whether Defendants failed to pay reporting time pay to Plaintiff and

5                class members when they reported to work for their regular schedule but

6                were not put to work for at least half of their regular schedule or two

7                hours;

8         (h)    Whether Defendants failed to timely pay all earned wages to Plaintiff

9                and class members during their employment;

10        (i)    Whether Defendants failed to pay unpaid overtime wages, minimum

11               wages, and meal and rest period premiums due to Plaintiff and class

12               members upon their discharge;

13        (j)    Whether Defendants engaged in unfair business practices in violation of

14               California Business & Professions Code sections 17200, *et seq.*; and

15        (k)    The appropriate amount of damages, restitution, or monetary penalties

16               resulting from Defendants' violations of California law.

17   19.   There is a well-defined community of interest in the litigation and the class

18   members are readily ascertainable:

19        (a)    Numerosity:  The class members are so numerous that joinder of all

20               members would be unfeasible and impractical.  The membership of the

21               entire class is unknown to Plaintiff at this time; however, the class is

22               estimated to be greater than one hundred (100) individuals and the

23               identity of such membership is readily ascertainable by inspection of

24               Defendants' employment records.

25        (b)    Typicality:  Plaintiff is qualified to, and will, fairly and adequately

26               protect the interests of each class member with she has a well-defined

27               community of interest, and Plaintiff's claims (or defenses, if any) are

28               typical of all class members' as demonstrated herein.

CLASS ACTION COMPLAINT

(c)  Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

(d)  Superiority: The nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

(e)  Public Policy Considerations: Employers in the State of California violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers might damage their future endeavors through negative references and/or other means. Class actions provide the class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while simultaneously protecting their privacy.

## GENERAL ALLEGATIONS

20.  At all relevant times set forth, Defendants employed Plaintiff and other persons

1    as non-exempt or hourly employees throughout California.

2        21. · Defendants employed ZIA HICKS as a non-exempt, hourly-paid Sales Team

3 Member and cashier from approximately November 2007 to August 2010 at Defendants' Los

4 Angeles, California location.

5        22.    Defendants continue to employ non-exempt or hourly paid Sales Team

6 Members and cashiers in various locations throughout California.

7        23.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

8 mentioned, Defendants were advised by skilled lawyers and other professionals, employees

9 and advisors knowledgeable about California labor and wage law, employment and personnel

10 practices, and about the requirements of California law.

11        24.    Plaintiff is informed and believes, and thereon alleges, that employees were not

12 paid for all hours worked because all hours worked were not recorded.

13        25.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

14 should have known that Plaintiff and class members were entitled to receive certain wages for

15 overtime compensation and that they were not receiving certain wages for overtime

16 compensation.

17        26. · Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

18 should have known that Plaintiff and class members were entitled to receive at least minimum

19 wages for compensation and that, in violation of the California Labor Code, they were not

20 receiving at least minimum wages for work done off-the-clock.

21        27.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

22 should have known that Plaintiff and class members were entitled to receive all meal periods

23 or payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of

24 pay when they did not receive a timely uninterrupted meal period, and that they did not

25 receive all meal periods or payment of one (1) additional hour of pay at Plaintiff's and class

26 members' regular rate of pay when they did not receive a timely uninterrupted meal period.

27        28.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

28 should have known that Plaintiff and class members were entitled to receive all rest periods or

CLASS ACTION COMPLAINT

1   payment of one (1) additional hour of pay at Plaintiff's and class members' regular rate of pay

2   when a rest period was missed, and that they did not receive all rest periods or payment of one

3   (1) additional hour of pay at Plaintiff's and class members' regular rate of pay when a rest

4   period was missed.

5       29.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

6   should have known that Plaintiff and class members were entitled to receive complete and

7   accurate wage statements in accordance with California law.  In violation of the California

8   Labor Code, Plaintiff and class members were not provided complete and accurate wage

9   statements.

10      30.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

11  should have known that Plaintiff and class members were entitled to receive all reporting time

12  pay when Plaintiff and class members were required to report to work but were put to work

13  for less than half of their regular scheduled shift.  In violation of the California Labor Code,

14  Plaintiff and class members were not paid all reporting time pay.

15      31.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

16  should have known that Plaintiff and class members were entitled to timely payment of wages

17  during their employment.  In violation of the California Labor Code, Plaintiff and class

18  members did not receive payment of all wages, including, but not limited to, overtime wages,

19  minimum wages, and meal and rest period premium wages, within permissible time periods.

20      32.    Plaintiff is informed and believes, and thereon alleges, that Defendants knew or

21  should have known that Plaintiff and class members were entitled to timely payment of wages

22  upon termination.  In violation of the California Labor Code, Plaintiff and class members did

23  not receive payment of all wages, including, but not limited to, overtime wages, minimum

24  wages, and meal and rest period premium wages, within permissible time periods.

25      33.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

26  mentioned, Defendants knew or should have known that they had a duty to compensate

27  Plaintiff and other members of the class, and that Defendants had the financial ability to pay

28  such compensation, but willfully, knowingly and intentionally failed to do so, and falsely

1   represented to Plaintiff and class members that they were properly denied wages, all in order

2   to increase Defendants' profits.

3   ## FIRST CAUSE OF ACTION

4   **Violation of California Labor Code §§ 510 and 1198—Unpaid Overtime**

5   **(Against All Defendants)**

6   34.   Plaintiff incorporates by reference and re-alleges as if fully stated herein the

7   material allegations set out in paragraphs 1 through 33.

8   35.   California Labor Code section 1198 makes it illegal to employ an employee

9   under conditions of labor that are prohibited by the applicable wage order. California Labor

10   Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission

11   shall be the . . . standard conditions of labor for employees. The employment of any employee

12   . . . under conditions of labor prohibited by the order is unlawful."

13   36.   California Labor Code section 1198 and the applicable Industrial Welfare

14   Commission ("IWC") Wage Order provide that it is unlawful to employ persons without

15   compensating them at a rate of pay either time-and-one-half or two-times that person's regular

16   rate of pay, depending on the number of hours worked by the person on a daily or weekly

17   basis.

18   37.   Specifically, the applicable IWC Wage Order provides that Defendants are and

19   were required to pay Plaintiff and class members employed by Defendants, and working more

20   than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-

21   and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40)

22   hours in a workweek.

23   38.   The applicable IWC Wage Order further provides that Defendants are and were

24   required to pay Plaintiff and class members employed by Defendants, and working more than

25   twelve (12) hours in a day, overtime compensation at a rate of two (2) times their regular rate

26   of pay.

27   39.   California Labor Code section 510 codifies the right to overtime compensation

28   at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours

CLASS ACTION COMPLAINT

1  in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day

2  of work, and to overtime compensation at twice the regular hourly rate for hours worked in

3  excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day

4  of work.

5       40.    During the relevant time period, Plaintiff and class members worked in excess

6  of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty

7  (40) hours in a week. For example, Plaintiff worked off-the-clock both during meal periods

8  and after clocking out at the end of shifts. Defendants had a policy and/or practice of

9  understaffing their retail stores and not taking sufficient efforts to coordinate schedules to

10  permit meal and rest breaks. Defendants also had a policy and/or practice that employees

11  must not refuse to assist customers even when they are on a meal or rest break. Plaintiff was

12  instructed to clock out for her meal break but to continue working, and to continue working

13  after she clocked out for the end of her shift, in order to cover the lack of employees on the

14  sales floor. In addition, Plaintiff and class members were interrupted answering work related

15  questions from management while on meal breaks. Defendants also subjected Plaintiff and

16  class members to security searches after they had clocked out for the end of their shift. As a

17  result, Plaintiff and class members worked off-the-clock during some meal breaks and after

18  work. Because Plaintiff and class members sometimes worked shifts of 8 hours a day or

19  more, some of this off-the-clock work qualified for overtime premium payment. Defendants'

20  failure to pay Plaintiff and class members this overtime compensation, as required by

21  California law, violates the provisions of California Labor Code sections 510 and 1198, and is

22  therefore unlawful.

23       41.    Pursuant to California Labor Code section 1194, Plaintiff and class members

24  are entitled to recover their unpaid overtime compensation, as well as interest, costs, and

25  attorneys' fees.

26

27

28

CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

### Violation of California Labor Code §§ 1194, 1197, 1197.1—Unpaid Minimum Wages

### (Against All Defendants)

42.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 41.

43.     At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

44.     As set forth above, Defendants regularly required Plaintiff and class members to work off-the-clock during meal breaks and after clocking out at the end of their shifts.  To the extent that these off-the-clock hours did not qualify for overtime premium payment, Defendants did not even pay minimum wages for those hours worked off-the-clock in violation of California Labor Code sections 1194, 1197 and 1197.1.

45.     Defendants' failure to pay Plaintiff and class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiff and class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees.

46.     Pursuant to California Labor Code section 1194.2, Plaintiff and class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### THIRD CAUSE OF ACTION

### Violations of California Labor Code, §§ 226.7 and 512(a)

### (Against All Defendants)

47.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 46.

48.     At all relevant times herein set forth, the applicable California Industrial Welfare Commission (IWC) Wage Order(s) and California Labor Code sections 226.7 and

1  512(a) were applicable to Plaintiff's and the other class members' employment by Defendants

2  and each of them.

3       49.    At all relevant times herein set forth, California Labor Code section 226.7

4  provides that no employer shall require an employee to work during any meal period

5  mandated by an applicable order of the California Industrial Welfare Commission (IWC).

6       50.    At all relevant times herein set forth, California Labor Code section 512(a)

7  provides that an employer may not require, cause, or permit an employee to work for a period

8  of more than five (5) hours per day without providing the employee with a meal period of not

9  less than thirty (30) minutes, except that if the total work period per day of the employee is

10  not more than six (6) hours, the meal period may be waived by mutual consent of both the

11  employer and the employee.

12       51.    During the relevant time period, Plaintiff and class members, who were

13  scheduled to work for a period of time no longer than six (6) hours, and who did not waive

14  their legally mandated meal periods by mutual consent, were required to work for periods

15  longer than five (5) hours without a meal period of not less than thirty (30) minutes.

16       52.    During the relevant time period, Defendants willfully required Plaintiff and

17  class members to work during meal periods and failed to compensate Plaintiff and class

18  members for work performed during meal periods.  For example, as stated above, Defendants

19  had a policy and/or practice of failing to adequately staff their retail stores.  Defendants failed

20  to schedule sufficient employees to handle all customers and permit Plaintiff to take compliant

21  meal breaks.  Rather, Plaintiff and class members were required to work through meal periods,

22  cut their meal periods short, suffer interruptions during meal periods, and/or take meal periods

23  after extended periods of time as a result of Defendants' insufficient staffing and lack of

24  coverage.  Moreover, Defendants instructed Plaintiff and class members to always assist

25  customers even if that meant interrupting, delaying, or shortening their meal breaks.

26       53.    Defendants then failed to pay Plaintiff and class members the full meal period

27  premium due pursuant to California Labor Code section 226.7.

28       54.    Defendants' conduct violates applicable Industrial Welfare Commission (IWC)

CLASS ACTION COMPLAINT

1   Wage Order(s), and California Labor Code sections 226.7 and 512(a).

2       55.    Pursuant to the applicable Industrial Welfare Commission (IWC) Wage

3   Order(s) and California Labor Code section 226.7(b), Plaintiff and class members are entitled

4   to recover from Defendants one additional hour of pay at the employee's regular hourly rate of

5   compensation for each work day that the meal period was not provided.

**FOURTH CAUSE OF ACTION**

**Violation of California Labor Code § 226.7**

**(Against All Defendants)**

9       56.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

10   material allegations set out in paragraphs 1 through 55.

11       57.    At all relevant times herein set forth, the applicable IWC Wage Order and

12   California Labor Code section 226.7 were applicable to Plaintiff's and class members'

13   employment by Defendants.

14       58.    At all relevant times, California Labor Code section 226.7 provides that no

15   employer shall require an employee to work during any rest period mandated by an applicable

16   order of the California IWC.

17       59.    At all relevant times, the applicable IWC Wage Order provides that "[e]very

18   employer shall authorize and permit all employees to take rest periods, which insofar as

19   practicable shall be in the middle of each work period" and that the "rest period time shall be

20   based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4)

21   hours or major fraction thereof" unless the total daily work time is less than three and one-half

22   (3½) hours.

23       60.    During the relevant time period, Defendants required Plaintiff and class

24   members to work four (4) or more hours without authorizing or permitting a ten (10) minute

25   rest period per each four (4) hour period worked.  As with meal periods, Defendants' failure to

26   properly staff and coordinate the schedules of employees, and their policy requiring

27   employees to assist customers regardless of whether they were on breaks, caused Plaintiff and

28   class members to miss rest breaks.  Defendants then failed to pay Plaintiff and class members

Page 12

CLASS ACTION COMPLAINT

1   the full rest period premium due pursuant to California Labor Code section 226.7.

2    ·61.    Defendants' conduct violates the applicable IWC Wage Orders and California

3   Labor Code section 226.7.

4    62.    Pursuant to the applicable IWC Wage Order and California Labor Code section

5   226.7(b), Plaintiff and class members are entitled to recover from Defendants one (1)

6   additional hour of pay at the employee's regular hourly rate of compensation for each work

7   day that the rest period was not provided.

8             **FIFTH CAUSE OF ACTION**

9   ·**Violation of California Labor Code § 204 – Wages Not Timely Paid During Employment**

10                 **(Against All Defendants)**

11    63.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

12   material allegations set out in paragraphs 1 through 62.

13    64.    This cause of action is derivative of and wholly dependent upon the unpaid

14   overtime wages, unpaid minimum wages, and unpaid meal and rest period premiums that were

15   not paid during employment.

16    65.    California Labor Code section 204 requires that all wages earned by any person

17   in any employment between the 1st and the 15th days, inclusive, of any calendar month, other

18   than those wages due upon termination of an employee, are due and payable between the 16th

19   and the 26th day of the month during which the labor was performed, and that all wages

20   earned by any person in any employment between the 16th and the last day, inclusive, of any

21   calendar month, other than those wages due upon termination of an employee, are due and

22   payable between the 1st and the 10th day of the following month.

23    66.    California Labor Code section 204 also requires that all wages earned for labor

24   in excess of the normal work period shall be paid no later than the payday for the next regular

25   payroll period.

26    67.    During the relevant time period, Defendants failed to pay Plaintiff and other

27   class members all wages due to them, including, but not limited to, overtime wages, minimum

28   wages, and meal and rest period premium wages, within any time period specified by

California Labor Code section 204.

68.     Plaintiff and class members are entitled to recover from Defendants the wages unpaid as set forth herein.

**SIXTH CAUSE OF ACTION**

**Violation of California Labor Code §§ 201 and 202 – Wages Not Timely Paid Upon Termination**

**(Against All Defendants)**

69.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 68.

70.     This cause of action is derivative of and wholly dependent upon the unpaid overtime wages, unpaid minimum wages, and unpaid meal and rest period premiums that were left unpaid upon termination.

71.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

72.     During the relevant time period, Defendants wilfully failed to pay class members who are no longer employed by Defendants the earned and unpaid wages set forth above, including but not limited to, overtime wages, minimum wages and meal and rest period premium wages, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

73.     Defendants' failure to pay Plaintiff and class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

CLASS ACTION COMPLAINT

74.     California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

75.     Plaintiff and class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

### SEVENTH CAUSE OF ACTION

### Violation of California Labor Code § 226(a)—Non-Compliant Wage Statements

### (Against All Defendants)

76.     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 75.

77.     At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including the name and address of the legal entity that is the employer, total hours worked and all applicable hourly rates, among other things.

78.     Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, the failure to state all hours worked as a result of failing to record and state the hours Plaintiff and class members worked off-the-clock.

79.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and class members have suffered injury and damage to their statutorily protected rights.

80.     Specifically, Plaintiff and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).  In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff has

1   been prevented by Defendants from determining if all hours worked were paid and the extent

2   of the underpayment.  Plaintiff had to file this lawsuit, conduct discovery, reconstruct time

3   records, and perform computations in order to analyze whether in fact Plaintiff was paid

4   correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and

5   lost time.  Plaintiff would not have had to engage in these efforts and incur these costs had

6   Defendants provided the accurate number of total hours worked.  This has also delayed

7   Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

8        81.    Plaintiff and class members are entitled to recover from Defendants the greater

9   of their actual damages caused by Defendants' failure to comply with California Labor Code

10   section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per

11   employee.

12                              **EIGHTH CAUSE OF ACTION**

13        **Violation of California Business & Professions Code §§ 17200, *et seq.***

14                              **(Against All Defendants)**

15        82.    Plaintiff incorporates by reference and re-alleges as if fully stated herein the

16   material allegations set out in paragraphs 1 through 81.

17        83.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

18   unlawful and harmful to Plaintiff, class members, and to the general public.  Plaintiff seeks to

19   enforce important rights affecting the public interest within the meaning of Code of Civil

20   Procedure section 1021.5.

21        84.    Defendants' activities, as alleged herein, are violations of California law, and

22   constitute unlawful business acts and practices in violation of California Business &

23   Professions Code sections 17200, *et seq.*

24        85.    A violation of California Business & Professions Code sections 17200, *et seq.*

25   may be predicated on the violation of any state or federal law.  In the instant case, Defendants'

26   policies and practices have violated state law in at least the following respects:

27        (a)    Requiring non-exempt employees, including Plaintiff and class

28               members, to work overtime without paying them proper compensation

1   in violation of California Labor Code sections 510 and 1198 and the

2   applicable Industrial Welfare Commission Order;

3   (b)   Failing to pay at least minimum wage to Plaintiff and class members in

4   violation of California Labor Code sections 1194, 1197 and 1197.1 and

5   the applicable Industrial Welfare Commission Order;

6   (c)   Failing to provide uninterrupted meal and rest periods or to pay

7   premium wages for missed meal and rest periods to Plaintiff and class

8   members in violation of California Labor Code sections 226.7 and 512

9   and the applicable Industrial Welfare Commission Order;

10   (d)   Failing to provide Plaintiff and class members with accurate wage

11   statements in violation of California Labor Code section 226(a) and the

12   applicable Industrial Welfare Commission Order;

13   (e)   Failing to pay Plaintiff and class members reporting time pay in

14   violation of California Labor Code section 1198 and the applicable

15   Industrial Welfare Commission Order as set forth below; and

16   (f)   Failing to timely pay all earned wages to Plaintiff and class members in

17   violation of California Labor Code section 204 and the applicable

18   Industrial Welfare Commission Order.

19   86.   California Code of Regulations, Title 8, section 11070(5)(A) provides that

20   "[e]ach workday an employee is required to report for work and does report, but is not put to

21   work or is furnished less than half said employee's usual or scheduled day's work, the

22   employee shall be paid for half the usual or scheduled day's work, but in no event for less

23   than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which

24   shall not be less than the minimum wage." Defendants violated California Labor Code section

25   1198 and California Code of Regulations, Title 8, section 11070(5) because Defendants failed

26   to pay Plaintiff and other class members reporting time pay when they reported for work and

27   were immediately dismissed or put to work for less than half their usual or scheduled day's

28   work. For instance, on some instances Plaintiff reported to work for her scheduled shift but

Page 17

1    was sent home before she had completed half her scheduled shift.  When this occurred,

2    Defendants did not pay her the greater of half of her scheduled day's work or two hours.

3    Accordingly, Plaintiff and class members were not properly compensated with reporting time

4    pay in violation of California Labor Code section 1198

5        87.    Pursuant to California Business & Professions Code sections 17200 *et seq.*,

6    Plaintiff and class members are entitled to restitution of the wages withheld and retained by

7    Defendants during a period that commences four years prior to the filing of this complaint; a

8    permanent injunction requiring Defendants to pay all outstanding wages due to Plaintiff and

9    class members; an award of attorneys' fees pursuant to California Code of Civil Procedure

10   section 1021.5 and other applicable laws; and an award of costs.

## REQUEST FOR JURY TRIAL

12       Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

14       Plaintiff, on behalf of all others similarly situated, prays for relief and judgment

15   against Defendants, jointly and severally, as follows:

16       1.    For damages, restitution penalties, injunctive relief, and attorneys' fees in

17   excess of twenty-five thousand dollars ($25,000) but not to exceed five million dollars

18   ($5,000,000).  Plaintiff reserves the right to amend their prayer for relief to seek a different

19   amount.

### Class Certification

21       2.    That this case be certified as a class action;

22       3.    That Plaintiff be appointed as the Class representative;

23       4.    That counsel for Plaintiff be appointed as class counsel.

### As to the First Cause of Action

25       5.    That the Court declare, adjudge, and decree that Defendants violated California

26   Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to

27   pay all overtime wages due to Plaintiff and class members;

28       6.    For general unpaid wages at overtime wage rates and such general and special

Page 18

CLASS ACTION COMPLAINT

1  damages as may be appropriate;

2       7.    For pre-judgment interest on any unpaid overtime compensation commencing

3  from the date such amounts were due;

4       8.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

5  California Labor Code section 1194(a); and

6       9.    For such other and further relief as the Court may deem equitable and

7  appropriate.

8  **As to the Second Cause of Action**

9       10.    That the Court declare, adjudge and decree that Defendants violated California

10  Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to

11  Plaintiff and class members;

12       11.    For general unpaid wages and such general and special damages as may be

13  appropriate;

14       12.    For pre-judgment interest on any unpaid compensation from the date such

15  amounts were due;

16       13.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

17  California Labor Code section 1194(a);

18       14.    For liquidated damages pursuant to California Labor Code section 1194.2; and

19       15.    For such other and further relief as the Court may deem equitable and

20  appropriate.

21  **As to the Third Cause of Action**

22       16.    That the Court declare, adjudge, and decree that Defendants violated California

23  Labor Code sections 226.7 and 512(a) and applicable Industrial Welfare Commission (IWC)

24  Wage Order(s) by willfully failing to provide all meal periods to Plaintiff and class members;

25       17.    That the Court make an award to the Plaintiff and class members of one (1)

26  hour of pay at each employee's regular rate of compensation for each workday that a meal

27  period was not provided;

28       18.    For all actual, consequential, and incidental losses and damages, according to

Page 19
CLASS ACTION COMPLAINT

1   proof;

2       19.    For premiums pursuant to California Labor Code section 226.7(b);

3       20.    For pre-judgment interest on any unpaid meal period premiums from the date

4   such amounts were due; and

5       21.    For such other and further relief as the Court may deem equitable and

6   appropriate.

7                   **As to the Fourth Cause of Action**

8       22.    That the Court declare, adjudge and decree that Defendants violated California

9   Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

10  rest periods to Plaintiff and class members;

11      23.    That the Court make an award to the Plaintiff and class members of one (1) hour

12  of pay at each employee's regular rate of compensation for each workday that a rest period

13  was not provided;

14      24.    For all actual, consequential, and incidental losses and damages, according to

15  proof;

16      25.    For premiums pursuant to California Labor Code section 226.7(b);

17      26.    For pre-judgment interest on any unpaid rest period premiums from the date

18  such amounts were due; and

19      27.    For such other and further relief as the Court may deem equitable and

20  appropriate.

21                   **As to the Fifth Cause of Action**

22      28.    That the Court declare, adjudge and decree that Defendants violated California

23  Labor Code section 204 by willfully failing to pay overtime wages, minimum wages, and meal

24  and rest period premiums owed during employment to Plaintiff and other terminated class

25  members;

26      29.    For all actual, consequential and incidental losses and damages, according to

27  proof;

28      30.    For pre-judgment interest on any unpaid wages from the date such amounts

CLASS ACTION COMPLAINT

1    were due; and

2        31.    For such other and further relief as the Court may deem equitable and

3    appropriate.

4                    **As to the Sixth Cause of Action**

5        32.    That the Court declare, adjudge and decree that Defendants violated California

6    Labor Code sections 201, 202 and 203 by willfully failing to pay overtime wages, minimum

7    wages, and meal and rest period premiums owed at the time of termination of the employment

8    of Plaintiff and other terminated class members;

9        33.    For all actual, consequential and incidental losses and damages, according to

10    proof;

11        34.    For waiting time penalties according to proof pursuant to California Labor

12    Code section 203 for all employees who have left Defendants' employ;

13        35.    For pre-judgment interest on any unpaid wages from the date such amounts

14    were due; and

15        36.    For such other and further relief as the Court may deem equitable and

16    appropriate.

17                  **As to the Seventh Cause of Action**

18        37.    That the Court declare, adjudge and decree that Defendants violated the

19    recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage

20    Orders as to Plaintiff and class members, and willfully failed to provide accurate itemized

21    wage statements thereto;

22        38.    For all actual, consequential and incidental losses and damages, according to

23    proof;

24        39.    For injunctive relief pursuant to California Labor Code section 226(h);

25        40.    For statutory penalties pursuant to California Labor Code section 226(e); and

26        41.    For such other and further relief as the Court may deem equitable and

27    appropriate.

28

**As to the Eighth Cause of Action**

42.     That the Court declare, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and class members all overtime wages due to them, failing to provide Plaintiff and class members all minimum wages due to them, failing to provide accurate wage statements, failing to timely pay all earned wages during employment, failing to provide all meal and rest periods, and failing to pay for all missed meal and rest periods, and failing to pay reporting time pay;

43.     For restitution of unpaid wages to Plaintiff and all class members and prejudgment interest from the day such amounts were due and payable;

44.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violations of California Business & Professions Code sections 17200 *et seq.*;

45.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

46.     For such other and further relief as the Court may deem equitable and appropriate.


Dated: January 23, 2013                    Respectfully submitted,

                                           Capstone Law APC


                                           By: _____
                                           Raul Perez
                                           Nathan Lowery
                                           Shooka Moallem

                                           Attorneys for Plaintiff Zia Hicks

CLASS ACTION COMPLAINT

BY FAX

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Raul Perez (SBN 174687)
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
TELEPHONE NO: (310) 556-4811    FAX NO.: (310) 943-0396
ATTORNEY FOR (Name): Zia Hicks

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, California
BRANCH NAME: Stanley Mosk Courthouse

FILED
Los Angeles Superior Court

JAN 23 2013

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
SHAUN A. WESLEY

CASE NAME:
Hicks v. Toys 'R' Us, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC499602<br>JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Eight (8)
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 23, 2013

Raul Perez
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the *primary* cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]     **CIVIL CASE COVER SHEET**     Page 2 of 2

**BY FAX**

| SHORT TITLE: Hicks v. Toys 'R' Us, Inc., et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Hicks v. Toys 'R' Us, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | ①, 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: Hicks v. Toys 'R' Us, Inc., et al. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| Hicks v. Toys 'R' Us, Inc., et al. | | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| | ADDRESS: |
|---|---|
| **REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | Toys R Us<br>11340 East South Street<br>Cerritos, California 90701 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Cerritos | CA | 90701 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the  Stanley Mosk  courthouse in the  Central  District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated:  January 23, 2013

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| | | |
|---|---|---|
| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 4 of 4 |

Exhibit B

1  Mia Farber (SBN 131467)
   Adam Y. Siegel (SBN 238568)
2  Nancy Villarreal (SBN 273604)
   JACKSON LEWIS LLP
3  725 South Figueroa Street, Suite 2500
   Los Angeles, California  90017-5408
4  Telephone:  (213) 689-0404
   Facsimile:  (213) 689-0430
5  FarberM@jacksonlewis.com
   SiegelA@jacksonlewis.com
6  Nancy.Villarreal@jacksonlewis.com

7  Attorneys for Defendant
   TOYS 'R' US-DELAWARE, INC.

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      FOR THE COUNTY OF LOS ANGELES—CENTRAL CIVIL WEST COURTHOUSE

11

12  ZIA HICKS, individually, and on behalf of other )   **CASE NO.:  BC499602**
    members of the general public similarly situated, )
13                                                    )   [Assigned for all purposes to the Hon. Lee
              Plaintiff,                              )   Smalley Edmon, Dept. 322]
14                                                    )
              vs.                                     )   **DEFENDANT TOYS 'R' US-DELAWARE,**
15                                                    )   **INC.'S ANSWER TO PLAINTIFF ZIA**
    TOYS 'R' US, INC. a California corporation;       )   **HICKS' UNVERIFIED CLASS ACTION**
16  TOYS 'R' US-DELAWARE, INC., a Delaware            )   **COMPLAINT**
    corporation; and DOES 1 through 10, inclusive,    )
17                                                    )
              Defendants.                             )
18                                                    )   Complaint Filed:  January 23, 2013
                                                      )
19                                                    )
                                                      )
20  _____ )

21      Defendant TOYS 'R' US-DELAWARE, INC. (erroneously sued herein as TOYS 'R' US-

22  DELAWARE, INC. and TOYS 'R' US, INC., a non-existent entity) ("Defendant") hereby responds to

23  Plaintiff ZIA HICKS' ("Plaintiff") Unverified Class Action Complaint ("Complaint") as follows:

24                          **GENERAL DENIAL**

25      Under the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant generally

26  and specifically denies each and every allegation contained in the Complaint, and each cause of action

27  of said Complaint, and denies that Plaintiff or the class she purports to represent, was injured or

28  damaged as alleged, or at all.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

FEB 19 2013

John A. Clarke, Executive Officer/Clerk
By K. Bowen, Deputy

**FIRST AFFIRMATIVE DEFENSE**

1.    The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.    The Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to Code of Civil Procedure Sections 338, 340 and California Business and Professions Code Section 17208.

**THIRD AFFIRMATIVE DEFENSE**

3.    Plaintiff's claims are barred in whole or in part because Plaintiff failed to exhaust administrative remedies under California Labor Code Sections 98-98.2.

**FOURTH AFFIRMATIVE DEFENSE**

4.    Plaintiff's Complaint, and each purported cause of action therein, is barred by the doctrines of laches, estoppel, waiver, and unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

5.    Plaintiff's claims, including but not limited to Plaintiff's claim for waiting-time penalties under Labor Code Section 203, are barred, in whole or in part, and/or recovery is precluded because Defendant's conduct was not willful.

**SIXTH AFFIRMATIVE DEFENSE**

6.    Plaintiff's Complaint, and each alleged cause of action therein, is barred, in whole or in part, because Plaintiff has received all income, compensation and pay to which she has ever been entitled.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state a cause or causes of action for attorneys' fees against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Without admitting the allegations of the Complaint, Defendant alleges Plaintiff's eighth cause of action is barred because the alleged practices are not unfair, the public is not likely to be deceived by such practices, Defendant gained no competitive advantage by such practices, and the

benefits of the alleged practices outweigh any harm or other impact they may cause.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Plaintiff has not suffered any irreparable injury based on any alleged conduct of Defendant, and Plaintiff has an adequate remedy at law for any such conduct.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff's eighth cause of action is barred, in whole or in part, because Defendant's business practices are and were not "unlawful" in that Defendant complied with all applicable statutes and regulations in payment of wages to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff has not and cannot satisfy the requirements of California Code of Civil Procedure Section 382.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant is entitled to a set-off for amounts Plaintiff owes Defendant for receipt of any wages and other benefits to which she was not entitled and/or did not earn.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges that some or all or certain hours claimed by Plaintiff and the putative class members are not "hours worked" within the meaning of any Wage Order(s) of the California Industrial Welfare Commission and/or under applicable California law, so that overtime compensation need not be paid for those hours.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendant alleges that the claims alleged in Plaintiff's Complaint, or some of them, are barred because the operative Industrial Welfare Commission Wage Order that Plaintiff relies upon is invalid or unenforceable under applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's third and fourth causes of action are barred, in whole or in part, because Plaintiff and the putative class were informed of their right to take meal and rest periods, were provided

3

1   same and have never been denied the right to take a meal or rest period to which they were entitled.

2   ### SIXTEENTH AFFIRMATIVE DEFENSE

3   16.   Defendant alleges that, even assuming *arguendo* that Plaintiff and/or putative class

4   members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the

5   putative class members are not entitled to recover damages because Defendant's alleged failure to

6   comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under

7   California Labor Code Section 226(e).

8   ### SEVENTEENTH AFFIRMATIVE DEFENSE

9   17.   Defendant alleges that, even assuming *arguendo* Plaintiff and/or putative class members

10   were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative

11   class members are not entitled to recover damages because they did not suffer any injury.

12   ### EIGHTEENTH AFFIRMATIVE DEFENSE

13   18.   Although Defendant denies that they have committed or have responsibility for any act

14   that could support the recovery against Defendant in this lawsuit, such recovery is barred if any, to the

15   extent any such act is found, such recovery against Defendant is unconstitutional under numerous

16   provisions of the United States Constitution and the California Constitution, including the Excessive

17   Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1

18   of the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive

19   Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other

20   provisions of the California Constitution.

21   ### NINETEENTH AFFIRMATIVE DEFENSE

22   19.   Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous,

23   unfounded and unreasonable action and, Defendant is thereby entitled to an award of reasonable

24   attorneys' fees and costs pursuant to California Labor Code Section 218.5 and California Code of Civil

25   Procedure Section 1021.5 upon judgment thereon in its favor.

26   / / /

27   / / /

28   / / /

4

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff take nothing by her Complaint;

2.    That the Complaint be dismissed in its entirety with prejudice;

3.    That Plaintiff be denied each and every demand and prayer for relief contained in the Complaint;

4.    For cost of suits incurred herein, including reasonable attorneys' fees; and

5.    For such other and further relief as the Court deems just and equitable.

Dated: February 19, 2013                              JACKSON LEWIS LLP


                                                      By: _____
                                                          Mia Farber
                                                          Adam Y. Siegel
                                                          Nancy Villarreal

                                                          Attorneys for Defendant
                                                          TOYS 'R' US-DELAWARE, INC.

DEFENDANT TOYS 'R' US-DELAWARE, INC.'S ANSWER TO PLAINTIFF ZIA HICKS' UNVERIFIED CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NAME:        HICKS vs. TOYS 'R' US-DELAWARE, INC.

CASE NUMBER:    BC499602

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On February 19, 2013, I served the foregoing document described as:

**DEFENDANTS TOYS 'R' US, INC. AND TOYS 'R' US-DELAWARE, INC.'S ANSWER TO PLAINTIFF ZIA HICKS CLASS ACTION COMPLAINT**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Raul Perez (SBN 174687)
Nathan Lowery (SBN 238141)
Shooka Moallem (SBN 259106)
CAPSTONE LAW APC
1840 Century Park East, Suite 450
Los Angeles, California 90067
Telephone: (310) 556-4811
Facsimile: (310) 943-0396
Raul.Perez@capstonelawyers.com
Nathan.Lowery@capstonelawyers.com
Shooka.Moallem@capstonelaywers.com

Attorney for Plaintiff
ZIA HICKS

**[XX]   BY MAIL**

[ ]  I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.

**[XX]**  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[XX]   STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 19, 2013 at Los Angeles, California.

_Dawn C. Desuacido_
Dawn C. Desuacido

6

DEFENDANT TOYS 'R' US-DELAWARE, INC.'S ANSWER TO PLAINTIFF ZIA HICKS' UNVERIFIED CLASS ACTION COMPLAINT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

Zia Hicks

**DEFENDANTS**

TOYS 'R' US-DELAWARE, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Raul Perez
Nathan Lowery
Shooka Moallem
Capstone Law APC
1840 Century Park East, Suite 450
Los Angeles, CA  90067

Attorneys (If Known)

Mia Farber (SBN 131467)
Adam Y. Siegel (SBN 238568)
Nancy Villarreal (SBN 273604)
Jackson Lewis LLP
725 South Figueroa St., #2500
Los Angeles, CA 90017-5408

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:  JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Putative class action is being removed on grounds of diversity pursuant to 28 U.S.C section 1332, 1441(a) and (b) and 1446.  The complaint seeks recovery for violation of wage laws.

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | | | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☒ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**  Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                              CIVIL COVER SHEET                              Page 1 of 2
                                                                                          CCD-JS44

CV 13-1302

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No [ ] Yes

If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX.  VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware and New Jersey |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):** *Mia Faul*                    Date February 21, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jay C. Gandhi.

The case number on all documents filed with the Court should read as follows:

## CV13- 1302 DSF (JCGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.