Mia Farber (SBN 131467)
Adam Y. Siegel (SBN 238568)
Nancy Villarreal (SBN 273604)
JACKSON LEWIS LLP
725 South Figueroa Street, Suite 2500
Los Angeles, California  90017-5408
Telephone:  (213) 689-0404
Facsimile:  (213) 689-0430
FarberM@jacksonlewis.com
SiegelA@jacksonlewis.com
Nancy.Villarreal@jacksonlewis.com

Attorneys for Defendant
TOYS 'R' US-DELAWARE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZIA HICKS and ANNA YOUNG, individually, and on behalf of other members of the general public similarly situated, and as aggrieved employees pursuant to the Private Attorneys General Act ("PAGA"),<br><br>Plaintiff,<br><br>vs.<br><br>TOYS 'R' US-DELAWARE, INC. a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.:  CV13-1302-DSF (JCGx)<br><br>Related Action:  EDCV 13-01159 DSF (JCGx)<br><br>[Assigned to the Hon. Dale S. Fischer, Courtroom 840]<br><br>**DEFENDANT TOYS 'R' US-DELAWARE, INC.'S ANSWER TO PLAINTIFFS ZIA HICKS, ANA YOUNG AND NICOLETTE GRANA'S FIRST AMENDED CLASS ACTION COMPLAINT AND ENFORCEMENT ACTION UNDER THE PRIVATE ATTORNEY GENERAL ACT, CALIFORNIA LABOR CODE §§ 2698, ET. SEQ.** |
| NICOLETTE GRANA, individually and on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiff,<br><br>vs.<br><br>TOYS 'R' US-DELAWARE, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | |

**TO THE HONORABLE COURT, PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

Defendant TOYS 'R' US—DELAWARE, INC. ("Defendant") hereby submits its Answer to Plaintiffs ZIA HICKS, ANNA YOUNG, AND NICOLETTE GRANA'S ("Plaintiffs") First Amended Class Action Complaint and Enforcement Action Under the Private Attorneys General Act, California Labor Code §§ 2698, et seq. ("First Amended Complaint") in the above-captioned matters as follows:

### AS TO THE "JURISDICTION AND VENUE"

1.     Defendant admits the allegations set forth in Paragraph 1 of the First Amended Complaint ("FAC").

2.     Defendant admits the allegations set forth in Paragraph 2 of the FAC.

3.     In response to Paragraph 3 of the FAC, Defendant admits diversity jurisdiction exists based upon Plaintiffs' allegations in this paragraph.    Based on information and belief, Defendant further admits that Plaintiffs Zia Hicks ("Hicks"), Anna Young ("Young") and Nicolette Grana ("Grana") are citizens of the State of California.    Except as expressly admitted herein, the remaining allegations contain conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.

4.     In response to Paragraph 4 of the FAC, upon information and belief, Defendant admits venue is proper in the Central District of California.   Defendant further admits that it conducts business in the State of California.   Except as expressly admitted herein, the remaining allegations contain conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.

5.     In response to Paragraph 5 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

6. In response to Paragraph 6 of the FAC, Defendant admits that Plaintiff Grana gave notice to the Labor and Workforce Development Agency and Defendant by letter dated on or about May 20, 2013. Further, Defendant avers that the remaining allegations are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

7. In response to Paragraph 7 of the FAC, Defendant admits that Plaintiff Young gave notice to the Labor and Workforce Development Agency and Defendant by letter dated on or about June 4, 2013. Further, Defendant avers that the remaining allegations are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

8. In response to Paragraph 8 of the FAC, upon information and belief, Defendant admits Plaintiff Hicks is a resident of Inglewood, California.

9. In response to Paragraph 9 of the FAC, upon information and belief, Defendant admits Plaintiff Young is a resident of Fresno, California.

10. In response to Paragraph 10 of the FAC, upon information and belief, Defendant admits Plaintiff Grana is a resident of Lake Forest, California.

11. In response to Paragraph 11 of the FAC, Defendant admits that it is a Delaware corporation that conducts business in the State of California. Except as expressly admitted herein, Defendant denies the remaining allegations contained in this paragraph.

12. Answering Paragraph 12 of the FAC, Defendant lacks sufficient knowledge or information to form a belief as to the allegations and on that basis denies the allegations in Paragraph 12.

13. Answering Paragraph 13 of the FAC, Defendant lacks sufficient knowledge

1    or information to form a belief as to the allegations and on that basis denies the

2    allegations in Paragraph 13.  Further, the allegations in this paragraph are conclusions of

3    law that require no responsive pleading under the Federal Rules of Civil Procedure.  To

4    the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are

5    entitled to any remedy or relief from Defendant, such inference is denied.

6          14.    Defendant denies the allegations contained in Paragraph 14 of the FAC.

7          15.    Defendant denies the allegations contained in Paragraph 15 of the FAC.

8          16.    Defendant denies the allegations contained in Paragraph 16 of the FAC.

9          17.    In response to Paragraph 17 of the FAC, Defendant admits, based on

10   information and belief, that Plaintiffs seek to maintain this case as a class action pursuant

11   to the Federal Rules of Civil Procedure ("FRCP") 23(a), (b)(2) and (b)(3).  To the extent

12   Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any

13   remedy or relief from Defendant, such inference is denied.

14         18.    In response to Paragraph 18 of the FAC, Defendant avers that the allegations

15   of this paragraph are conclusions of law that require no responsive pleading under the

16   Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to

17   any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

18   inference is denied.

19         19.    In response to Paragraph 19 of the FAC, Defendant admits, based on

20   information and belief, that Plaintiffs seek to maintain this case as a class action and that

21   Plaintiffs have proposed the class set forth Paragraph 19.  Defendant avers that the

22   allegations of this paragraph are conclusions of law that require no responsive pleading

23   under the Federal Rules of Civil Procedure.  To the extent Plaintiffs' legal conclusions

24   give rise to any inference that Plaintiffs are entitled to any remedy or relief from

25   Defendant, such inference is denied.

26         20.    In response to Paragraph 20 of the FAC, Defendant admits, based on

27   information and belief, that Plaintiffs seek to maintain this case as a class action and that

28   Plaintiffs have proposed the subclass set forth Paragraph 20.  Defendant avers that the

allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

21.    Defendant can neither admit nor deny the allegations contained in Paragraph 21 of the FAC as the allegations do not set forth a factual statement to which Defendant can respond.

22.    Defendant can neither admit nor deny the allegations contained in Paragraph 22 of the FAC as the allegations do not set forth a factual statement to which Defendant can respond.

23.    Defendant denies the allegations contained in Paragraph 23 of the FAC.

24.    Defendant denies the allegations contained in Paragraph 24 of the FAC.

## AS TO THE "GENERAL ALLEGATIONS"

25.    In response to Paragraph 25 of the FAC, Defendant admits Plaintiffs Grana, Hicks and Young are or were employed by Defendant as non-exempt employees in California. Except as expressly admitted herein, Defendant lacks sufficient knowledge or information to form a belief as to the allegations regarding "other persons" and on that basis denies the remaining allegations in Paragraph 25.

26.    In response to Paragraph 26 of the FAC, Defendant admits Plaintiff Hicks was employed by Defendant as a non-exempt Sales Team Member at Defendant's Cerritos, California location. Defendant denies that Plaintiff Hicks was employed from November 2007 to August 2010 and avers that Plaintiff Hicks' most recent term of employment was from March 2008 to July 2010.

27.    In response to Paragraph 27 of the FAC, Defendant admits Plaintiff Young was employed by Defendant in a variety of non-exempt positions from on or about November 1998 to on or about June 2006 at Defendant's Clovis, California location. Further, Defendant admits Plaintiff Young was employed by Defendant in a variety of non-exempt positions from on or about November 2006 to on or about December 2012 at

1  Defendant's Clovis, California location.

2      28.     In response to Paragraph 28 of the FAC, Defendant admits Plaintiff Grana

3  has been employed by Defendant since on or about April 2011 at Defendant's location in

4  Foothill Ranch, California.

5      29.     Defendant admits the allegations contained in Paragraph 29 of the FAC.

6      30.     Defendant can neither admit nor deny the allegations contained in Paragraph

7  30 of the FAC as the allegations call for attorney-client privileged communication and on

8  that basis Defendant does not respond.   Further, the allegations in this paragraph are

9  conclusions of law that require no responsive pleading under the Federal Rules of Civil

10 Procedure.   To the extent Plaintiffs' legal conclusions give rise to any inference that

11 Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

12     31.     Defendant denies the allegations contained in Paragraph 31 of the FAC.

13     32.     In response to Paragraph 32 of the FAC, Defendant can neither admit nor

14 deny the allegation that employees are entitled to "receive certain wages for overtime" as

15 that statement is vague and ambiguous.   Defendant denies all remaining allegations

16 contained in Paragraph 32 of the FAC.

17     33.     In response to Paragraph 33 of the FAC, Defendant admits that its

18 employees are entitled to receive at least minimum wage for compensation.   Except as

19 expressly admitted herein, Defendant denies all remaining allegations contained in

20 Paragraph 33 of the FAC.

21     34.     In response to Paragraph 34 of the FAC, Defendant denies the allegations as

22 set forth herein and avers that Plaintiffs' statement is an incomplete statement of the legal

23 requirements described therein.   Further, the allegations in this paragraph are conclusions

24 of law that require no responsive pleading under the Federal Rules of Civil Procedure.

25 To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are

26 entitled to any remedy or relief from Defendant, such inference is denied.

27     35.     In response to Paragraph 35 of the FAC, Defendant denies the allegations as

28 set forth herein and avers that Plaintiffs' statement is an incomplete statement of the legal

requirements described therein.  Further, the allegations in this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

36.    In response to Paragraph 36 of the FAC, Defendant admits that employees are "entitled to receive complete and accurate wage statements."  Except as expressly admitted herein, Defendant denies all remaining allegations contained in Paragraph 36 of the FAC.

37.    In response to Paragraph 37 of the FAC, Defendant denies the allegations as set forth herein and avers that Plaintiffs' statement is an incomplete statement of the legal requirements described therein.  Further, the allegations in this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

38.    In response to Paragraph 38 of the FAC, Defendant can neither admit nor deny the allegation that employees are entitled to "timely payment of wages" as that statement is vague and ambiguous.  Except as expressly admitted herein, Defendant denies all remaining allegations contained in Paragraph 38 of the FAC.

39.    In response to Paragraph 39 of the FAC, Defendant can neither admit nor deny the allegation that employees are entitled to "timely payment of wages upon termination" as that statement is vague and ambiguous.  Except as expressly admitted herein, Defendant denies all remaining allegations contained in Paragraph 39 of the FAC.

40.    In response to Paragraph 40 of the FAC, Defendant admits that it had a duty to compensate employees for time worked and that Defendant has the ability to pay its employees such compensation.  Except as expressly admitted herein, Defendant denies all remaining allegations contained in Paragraph 40 of the FAC.

41.    In response to Paragraph 41 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the

Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

42.     In response to Paragraph 42 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

43.     In response to Paragraph 43 of the FAC, Defendant avers that the allegations in this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure.  To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

44.     Defendant denies the allegations contained in Paragraph 44 of the FAC.

45.     In response to Paragraph 45 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

46.     In response to Paragraph 46 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

47.     In response to Paragraph 47 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

1  inference is denied.

2      48.    In response to Paragraph 48 of the FAC, Defendant admits that Plaintiff

3  Grana gave notice to the Labor and Workforce Development Agency and Defendant by

4  letter dated on or about May 20, 2013.  Further, the remaining allegations in this

5  paragraph are conclusions of law that require no responsive pleading under the Federal

6  Rules of Civil Procedure.  To the extent Plaintiffs' legal conclusions give rise to any

7  inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

8  inference is denied.

9      49.    In response to Paragraph 49 of the FAC, Defendant admits that Plaintiff

10 Young gave notice to the Labor and Workforce Development Agency and Defendant by

11 letter dated on or about June 4, 2013.  Further, the remaining allegations in this paragraph

12 are conclusions of law that require no responsive pleading under the Federal Rules of

13 Civil Procedure.  To the extent Plaintiffs' legal conclusions give rise to any inference that

14 Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

15     50.    In response to Paragraph 50 of the FAC, Defendant avers that the allegations

16 of this paragraph are conclusions of law that require no responsive pleading under the

17 Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to

18 any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

19 inference is denied.

20                **AS TO THE FIRST CAUSE OF ACTION**

21     51.    In response to Paragraph 51 of the FAC, Defendant herein incorporates by

22 reference each and every answer to Paragraphs 1 through 50 of the FAC.

23     52.    In response to Paragraph 52 of the FAC, Defendant avers that the allegations

24 of this paragraph are conclusions of law that require no responsive pleading under the

25 Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to

26 any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

27 inference is denied.

28     53.    In response to Paragraph 53 of the FAC, Defendant avers that the allegations

1  of this paragraph are conclusions of law that require no responsive pleading under the
2  Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
3  any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
4  inference is denied.

5       54.    In response to Paragraph 54 of the FAC, Defendant avers that the allegations
6  of this paragraph are conclusions of law that require no responsive pleading under the
7  Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
8  any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
9  inference is denied.

10      55.    In response to Paragraph 55 of the FAC, Defendant avers that the allegations
11 of this paragraph are conclusions of law that require no responsive pleading under the
12 Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
13 any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
14 inference is denied.

15      56.    In response to Paragraph 56 of the FAC, Defendant avers that the allegations
16 of this paragraph are conclusions of law that require no responsive pleading under the
17 Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
18 any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
19 inference is denied.

20      57.    Defendant denies the allegations contained in Paragraph 57 of the FAC.
21      58.    Defendant denies the allegations contained in Paragraph 58 of the FAC.
22      59.    Defendant denies the allegations contained in Paragraph 59 of the FAC.

23                  **AS TO THE SECOND CAUSE OF ACTION**

24      60.    In response to Paragraph 60 of the FAC, Defendant herein incorporates by
25 reference each and every answer to Paragraphs 1 through 59 of the FAC.

26      61.    In response to Paragraph 61 of the FAC, Defendant avers that the allegations
27 of this paragraph are conclusions of law that require no responsive pleading under the
28 Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to

1 | any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
2 | inference is denied.

3 | 62. Defendant denies the allegations contained in Paragraph 62 of the FAC.

4 | 63. Defendant denies the allegations contained in Paragraph 63 of the FAC.

5 | 64. Defendant denies the allegations contained in Paragraph 64 of the FAC.

6 | **AS TO THE THIRD CAUSE OF ACTION**

7 | 65. In response to Paragraph 65 of the FAC, Defendant herein incorporates by
8 | reference each and every answer to Paragraphs 1 through 64 of the FAC.

9 | 66. In response to Paragraph 66 of the FAC, Defendant avers that the allegations
10 | of this paragraph are conclusions of law that require no responsive pleading under the
11 | Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
12 | any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
13 | inference is denied.

14 | 67. In response to Paragraph 67 of the FAC, Defendant avers that the allegations
15 | of this paragraph are conclusions of law that require no responsive pleading under the
16 | Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
17 | any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
18 | inference is denied.

19 | 68. In response to Paragraph 68 of the FAC, Defendant avers that the allegations
20 | of this paragraph are conclusions of law that require no responsive pleading under the
21 | Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
22 | any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
23 | inference is denied.

24 | 69. Defendant denies the allegations contained in Paragraph 69 of the FAC.

25 | 70. Defendant denies the allegations contained in Paragraph 70 of the FAC.

26 | 71. Defendant denies the allegations contained in Paragraph 71 of the FAC.

27 | 72. Defendant denies the allegations contained in Paragraph 72 of the FAC.

28 | 73. Defendant denies the allegations contained in Paragraph 73 of the FAC.

74.    Defendant denies the allegations contained in Paragraph 74 of the FAC.

75.    Defendant denies the allegations contained in Paragraph 75 of the FAC.

## AS TO THE FOURTH CAUSE OF ACTION

76.    In response to Paragraph 76 of the FAC, Defendant herein incorporates by reference each and every answer to Paragraphs 1 through 75 of the FAC.

77.    In response to Paragraph 77 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

78.    In response to Paragraph 78 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

79.    In response to Paragraph 79 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such inference is denied.

80.    Defendant denies the allegations contained in Paragraph 80 of the FAC.

81.    Defendant denies the allegations contained in Paragraph 81 of the FAC.

82.    Defendant denies the allegations contained in Paragraph 82 of the FAC.

## AS TO THE FIFTH CAUSE OF ACTION

83.    In response to Paragraph 83 of the FAC, Defendant herein incorporates by reference each and every answer to Paragraphs 1 through 82 of the FAC.

84.    In response to Paragraph 84 of the FAC, Defendant avers that the allegations of this paragraph are conclusions of law that require no responsive pleading under the

1  Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
2  any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
3  inference is denied.

4      85.    In response to Paragraph 85 of the FAC, Defendant avers that the allegations
5  of this paragraph are conclusions of law that require no responsive pleading under the
6  Federal Rules of Civil Procedure.  To the extent Plaintiffs' legal conclusions give rise to
7  any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
8  inference is denied.

9      86.    In response to Paragraph 86 of the FAC, Defendant avers that the allegations
10  of this paragraph are conclusions of law that require no responsive pleading under the
11  Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
12  any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
13  inference is denied.

14      87.    Defendant denies the allegations contained in Paragraph 87 of the FAC.

15      88.    Defendant denies the allegations contained in Paragraph 88 of the FAC.

16  **<u>AS TO THE SIXTH CAUSE OF ACTION</u>**

17      89.    In response to Paragraph 89 of the FAC, Defendant herein incorporates by
18  reference each and every answer to Paragraphs 1 through 88 of the FAC.

19      90.    In response to Paragraph 90 of the FAC, Defendant avers that the allegations
20  of this paragraph are conclusions of law that require no responsive pleading under the
21  Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
22  any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
23  inference is denied.

24      91.    In response to Paragraph 91 of the FAC, Defendant avers that the allegations
25  of this paragraph are conclusions of law that require no responsive pleading under the
26  Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to
27  any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such
28  inference is denied.

1    92.   Defendant denies the allegations contained in Paragraph 92 of the FAC.

2    93.   Defendant denies the allegations contained in Paragraph 93 of the FAC.

3    94.   In response to Paragraph 94 of the FAC, Defendant avers that the allegations

4    of this paragraph are conclusions of law that require no responsive pleading under the

5    Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to

6    any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

7    inference is denied.

8    95.   Defendant denies the allegations contained in Paragraph 95 of the FAC.

9    ## AS TO THE SEVENTH CAUSE OF ACTION

10   96.   In response to Paragraph 96 of the FAC, Defendant herein incorporates by

11   reference each and every answer to Paragraphs 1 through 95 of the FAC.

12   97.   In response to Paragraph 97 of the FAC, Defendant avers that the allegations

13   of this paragraph are conclusions of law that require no responsive pleading under the

14   Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to

15   any inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

16   inference is denied.

17   98.   Defendant denies the allegations contained in Paragraph 98 of the FAC.

18   99.   Defendant denies the allegations contained in Paragraph 99 of the FAC.

19   100.  Defendant denies the allegations contained in Paragraph 100 of the FAC.

20   101.  Defendant denies the allegations contained in Paragraph 101 of the FAC.

21   ## AS TO THE EIGHTH CAUSE OF ACTION

22   102.  In response to Paragraph 102 of the FAC, Defendant herein incorporates by

23   reference each and every answer to Paragraphs 1 through 101 of the FAC.

24   103.  Defendant denies the allegations contained in Paragraph 103 of the FAC.

25   104.  In response to Paragraph 104 of the FAC, Defendant avers that the

26   allegations of this paragraph are conclusions of law that require no responsive pleading

27   under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions

28   give rise to any inference that Plaintiffs are entitled to any remedy or relief from

1   Defendant, such inference is denied.

2        105.   Defendant denies the allegations contained in Paragraph 105 of the FAC.

3        106.   In response to Paragraph 106, Defendant denies it has violated California

4   Labor Code section 1198. Further, Defendant avers that the remaining allegations of this

5   paragraph are conclusions of law that require no responsive pleading under the Federal

6   Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions give rise to any

7   inference that Plaintiffs are entitled to any remedy or relief from Defendant, such

8   inference is denied.

9        107.   In response to Paragraph 107, Defendant denies it violated any of the

10   statutes or regulations identified in Paragraph 107.  Further, Defendant avers that the

11   remaining allegations of this paragraph are conclusions of law that require no responsive

12   pleading under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal

13   conclusions give rise to any inference that Plaintiffs are entitled to any remedy or relief

14   from Defendant, such inference is denied.

15        108.   In response to Paragraph 108 of the FAC, Defendant avers that the

16   allegations of this paragraph are conclusions of law that require no responsive pleading

17   under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions

18   give rise to any inference that Plaintiffs are entitled to any remedy or relief from

19   Defendant, such inference is denied.

20        109.   In response to Paragraph 109 of the FAC, Defendant avers that the

21   allegations of this paragraph are conclusions of law that require no responsive pleading

22   under the Federal Rules of Civil Procedure. To the extent Plaintiffs' legal conclusions

23   give rise to any inference that Plaintiffs are entitled to any remedy or relief from

24   Defendant, such inference is denied.

25        110.   Defendant denies the allegations contained in Paragraph 110 of the FAC.

26        111.   Defendant denies the allegations contained in Paragraph 111 of the FAC.

27        112.   Defendant denies the allegations contained in Paragraph 112 of the FAC.

28

1

**AS TO THE NINTH CAUSE OF ACTION**

2    113.  In response to Paragraph 113 of the FAC, Defendant herein incorporates by

3  reference each and every answer to Paragraphs 1 through 112 of the FAC.

4    114.  Defendant denies the allegations contained in Paragraph 114 of the FAC.

5    115.  Defendant denies the allegations contained in Paragraph 115 of the FAC.

6    116.  Defendant denies the allegations contained in Paragraph 116 of the FAC.

7    117.  Defendant denies the allegations contained in Paragraph 117 of the FAC.

8

**ANSWER TO THE ALLEGED "REQUEST FOR JURY TRIAL"**

9    Defendant can neither admit nor deny the allegations contained in Request for Jury

10  Trial in the FAC as the allegations do not set forth a factual statement to which Defendant

11  can respond.

12

**ANSWER TO THE ALLEGED "PRAYER FOR RELIEF"**

13    1.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

14  relief requested in Paragraph 1 of Plaintiffs' Prayer for Relief.

15    2.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

16  relief requested in Paragraph 2 of Plaintiffs' Prayer for Relief.

17    3.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

18  relief requested in Paragraph 3 of Plaintiffs' Prayer for Relief.

19    4.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

20  relief requested in Paragraph 4 of Plaintiffs' Prayer for Relief.

21    5.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

22  relief requested in Paragraph 5 of Plaintiffs' Prayer for Relief.

23    6.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

24  relief requested in Paragraph 6 of Plaintiffs' Prayer for Relief.

25    7.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

26  relief requested in Paragraph 7 of Plaintiffs' Prayer for Relief.

27    8.   Defendant denies that Plaintiffs or the putative class are entitled to any of the

28  relief requested in Paragraph 8 of Plaintiffs' Prayer for Relief.

1       9.      Defendant denies that Plaintiffs or the putative class are entitled to any of the
2  relief requested in Paragraph 9 of Plaintiffs' Prayer for Relief.

3       10.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
4  relief requested in Paragraph 10 of Plaintiffs' Prayer for Relief.

5       11.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
6  relief requested in Paragraph 11 of Plaintiffs' Prayer for Relief.

7       12.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
8  relief requested in Paragraph 12 of Plaintiffs' Prayer for Relief.

9       13.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
10  relief requested in Paragraph 13 of Plaintiffs' Prayer for Relief.

11      14.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
12  relief requested in Paragraph 14 of Plaintiffs' Prayer for Relief.

13      15.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
14  relief requested in Paragraph 15 of Plaintiffs' Prayer for Relief.

15      16.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
16  relief requested in Paragraph 16 of Plaintiffs' Prayer for Relief.

17      17.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
18  relief requested in Paragraph 17 of Plaintiffs' Prayer for Relief.

19      18.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
20  relief requested in Paragraph 18 of Plaintiffs' Prayer for Relief.

21      19.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
22  relief requested in Paragraph 19 of Plaintiffs' Prayer for Relief.

23      20.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
24  relief requested in Paragraph 20 of Plaintiffs' Prayer for Relief.

25      21.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
26  relief requested in Paragraph 21 of Plaintiffs' Prayer for Relief.

27      22.     Defendant denies that Plaintiffs or the putative class are entitled to any of the
28  relief requested in Paragraph 22 of Plaintiffs' Prayer for Relief.

1       23.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

2 relief requested in Paragraph 23 of Plaintiffs' Prayer for Relief.

3       24.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

4 relief requested in Paragraph 24 of Plaintiffs' Prayer for Relief.

5       25.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

6 relief requested in Paragraph 25 of Plaintiffs' Prayer for Relief.

7       26.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

8 relief requested in Paragraph 26 of Plaintiffs' Prayer for Relief.

9       27.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

10 relief requested in Paragraph 27 of Plaintiffs' Prayer for Relief.

11     28.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

12 relief requested in Paragraph 28 of Plaintiffs' Prayer for Relief.

13     29.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

14 relief requested in Paragraph 29 of Plaintiffs' Prayer for Relief.

15     30.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

16 relief requested in Paragraph 30 of Plaintiffs' Prayer for Relief.

17     31.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

18 relief requested in Paragraph 31 of Plaintiffs' Prayer for Relief.

19     32.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

20 relief requested in Paragraph 32 of Plaintiffs' Prayer for Relief.

21     33.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

22 relief requested in Paragraph 33 of Plaintiffs' Prayer for Relief.

23     34.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

24 relief requested in Paragraph 34 of Plaintiffs' Prayer for Relief.

25     35.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

26 relief requested in Paragraph 35 of Plaintiffs' Prayer for Relief.

27     36.     Defendant denies that Plaintiffs or the putative class are entitled to any of the

28 relief requested in Paragraph 36 of Plaintiffs' Prayer for Relief.

1    37.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

2    relief requested in Paragraph 37 of Plaintiffs' Prayer for Relief.

3    38.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

4    relief requested in Paragraph 38 of Plaintiffs' Prayer for Relief.

5    39.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

6    relief requested in Paragraph 39 of Plaintiffs' Prayer for Relief.

7    40.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

8    relief requested in Paragraph 40 of Plaintiffs' Prayer for Relief.

9    41.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

10   relief requested in Paragraph 41 of Plaintiffs' Prayer for Relief.

11   42.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

12   relief requested in Paragraph 42 of Plaintiffs' Prayer for Relief.

13   43.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

14   relief requested in Paragraph 43 of Plaintiffs' Prayer for Relief.

15   44.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

16   relief requested in Paragraph 44 of Plaintiffs' Prayer for Relief.

17   45.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

18   relief requested in Paragraph 45 of Plaintiffs' Prayer for Relief.

19   46.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

20   relief requested in Paragraph 46 of Plaintiffs' Prayer for Relief.

21   47.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

22   relief requested in Paragraph 47 of Plaintiffs' Prayer for Relief.

23   48.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

24   relief requested in Paragraph 48 of Plaintiffs' Prayer for Relief.

25   49.    Defendant denies that Plaintiffs or the putative class are entitled to any of the

26   relief requested in Paragraph 49 of Plaintiffs' Prayer for Relief.

27   / / /

28

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the FAC herein, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1.     The FAC as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     The FAC as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including but not limited to Code of Civil Procedure Sections 338, 340 and California Business and Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to exhaust administrative remedies under California Labor Code Sections 98-98.2.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiffs' FAC, and each purported cause of action therein, is barred by the doctrines of laches, estoppel, waiver, and unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiffs' claims, including but not limited to Plaintiffs' claim for waiting-time penalties under Labor Code Section 203, are barred, in whole or in part, and/or recovery is precluded because Defendant's conduct was not willful.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs' FAC, and each alleged cause of action therein, is barred, in whole or in part, because Plaintiffs have received all income, compensation and pay to which they have ever been entitled.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' FAC, and each purported cause of action alleged therein, fails to

1  state a cause or causes of action for attorneys' fees against Defendant.

2  ## EIGHTH AFFIRMATIVE DEFENSE

3       8.    Without admitting the allegations of the FAC, Defendant alleges Plaintiffs'

4  fourth cause of action is barred because the alleged practices are not unfair, the public is

5  not likely to be deceived by such practices, Defendant gained no competitive advantage

6  by such practices, and the benefits of the alleged practices outweigh any harm or other

7  impact they may cause.

8  ## NINTH AFFIRMATIVE DEFENSE

9       9.    Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in

10  the FAC because Plaintiffs have not suffered any irreparable injury based on any alleged

11  conduct of Defendant, and Plaintiffs have an adequate remedy at law for any such

12  conduct.

13  ## TENTH AFFIRMATIVE DEFENSE

14      10.    Plaintiffs' fourth cause of action is barred, in whole or in part, because

15  Defendant's business practices are and were not "unlawful" in that Defendant complied

16  with all applicable statutes and regulations in payment of wages to Plaintiffs.

17  ## ELEVENTH AFFIRMATIVE DEFENSE

18      11.    Plaintiffs' first cause of action is barred, in whole or in part, because

19  Plaintiffs and the putative Class were informed of their right to take rest periods, were

20  provided same and have never been denied the right to take a rest period to which they

21  were entitled.

22  ## TWELFTH AFFIRMATIVE DEFENSE

23      12.    Plaintiffs have not and cannot satisfy the requirements of Federal Rule of

24  Civil Procedure Rule 23.

25  ## THIRTEENTH AFFIRMATIVE DEFENSE

26      13.    Defendant is entitled to a set-off for amounts Plaintiffs owe Defendant for

27  receipt of any wages and other benefits to which they were not entitled and/or did not

28  earn.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.   Defendant alleges that the claims alleged in Plaintiffs' FAC, or some of them, are barred because the operative Industrial Welfare Commission Wage Order that Plaintiffs rely upon is invalid or unenforceable under applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.   Plaintiffs' first cause of action is barred, in whole or in part, because Plaintiffs and the putative Class were informed of their right to take meal periods, were provided same and have never been denied the right to take a meal period to which they were entitled.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.   Defendant alleges that, even assuming *arguendo* that Plaintiffs and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiffs and the putative class members are not entitled to recover damages because Defendant's alleged failure to comply with California Labor Code Section 226(a) was not a "knowing and intentional failure" under California Labor Code Section 226(e).

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.   Defendant alleges that, even assuming *arguendo* Plaintiffs and/or putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiffs and the putative class members are not entitled to recover damages because they did not suffer any injury.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.   Although Defendant denies that they have committed or have responsibility for any act that could support the recovery against Defendant in this lawsuit, such recovery is barred if any, to the extent any such act is found, such recovery against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the Excessive Fines Clause of the Eighth Amendment, the Due Process clauses of the Fifth Amendment and Section 1 of

the Fourteenth Amendment and other provisions of the United States Constitution, and the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and other provisions of the California Constitution.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Defendant has engaged attorneys to represent it in defense of Plaintiffs' frivolous, unfounded and unreasonable action and, Defendant is thereby entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code Section 218.5 upon judgment thereon in its favor.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiffs lack standing to assert the purported causes of action in a representative capacity or as an aggrieved employee under the Private Attorneys General Act, California Labor Code sections 2698, *et seq.* (the "PAGA").

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    The FAC as a whole, and each purported cause of action alleged therein, is barred in whole or in part because Plaintiffs have failed to exhaust the administrative prerequisites under the PAGA.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.    The FAC, and each purported cause of action alleged therein, is barred pursuant to the United States Constitution and the California Constitution because the PAGA is impermissibly vague.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    The FAC, and each purported cause of action alleged therein, is barred because the PAGA is violative of the principles of substantive due process under the Fourteenth Amendment to the United States Constitution and Article I, section 7 of the California Constitution.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    The FAC, and each purported cause of action alleged therein, is barred because the PAGA is violative of the separation of powers doctrine because it allows

private attorneys to prosecute claims in violation of their ethical duty of neutrality, materially impairing the judiciary's role in regulating attorney conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The FAC, and each purported cause of action alleged therein, is barred because the PAGA represents an unconstitutional delegation of the State of California's prosecutorial role to non-elected officials.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiffs' claims under the PAGA are barred pursuant to the United States Constitution and the California Constitution to the extent California Labor Code sections 2698, *et seq*. imposes double penalties and violates the due process rights of Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiffs' claims under the PAGA are barred pursuant to the Eighth Amendment to the United States Constitution and Article I, section 17 of the California Constitution because the penalties impose excessive fines and violate the due process rights of Defendant.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    To the extent Plaintiffs were under the control of Defendant while off-the-clock, which Defendants expressly deny, such time was *de minimis* and is not compensable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    Defendant asserts the FAC, and each claim for relief therein, is barred under the avoidable consequences doctrine. Defendant had procedures in place for reporting work-related issues, including, but not limited to, meal and rest period issues. Plaintiffs and the putative class and/or subclasses unreasonably failed to utilize Defendant's preventive and corrective measures, and reasonable use of Defendant's preventive and corrective measures would have prevented at least some of the harm Plaintiffs and the putative class and/or subclasses allegedly suffered.

/ / /

1

## **RESERVATION OF DEFENSES**

2      Because Plaintiffs' FAC is couched in conclusory terms, Defendant cannot fully

3  anticipate all defenses that may be applicable to this action.  Accordingly, Defendant

4  reserves its right to amend or assert additional affirmative defenses, if and to the extent

5  that such defenses are applicable and may become known.

6

7      WHEREFORE, Defendant prays for judgment as follows:

8      1.      That Plaintiffs take nothing by their FAC;

9      2.      That the FAC be dismissed in its entirety with prejudice;

10     3.      That Plaintiffs be denied each and every demand and prayer for relief

11             contained in the FAC;

12     4.      For cost of suits incurred herein, including reasonable attorneys' fees; and

13     5.      For such other and further relief as the Court deems just and equitable.

14

15  Dated:  September 6, 2013                JACKSON LEWIS LLP

16

17

18                                  By:  ____/s/ Mia Farber_____

                                         Mia Farber
19                                       Adam Y. Siegel
                                         Nancy Villarreal
20
                                         Attorneys for Defendant
21                                       TOYS 'R' US-DELAWARE, INC.

22

23

24

25

26

27

28

---

USDC Case No.:  CV13-1302-DSF (JCGx)          25          DEFENDANT'S ANSWER TO
                                                          PLAINTIFFS' FIRST AMENDED
                                                          CLASS ACTION COMPLAINT